Gary R. Selvin, State Bar No. 112030
Tatiana V. Wallace, State Bar No. 233939
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone: (510) 874-1811
Facsimile: (510) 465-8976
E-mail: gselvin@selvinwraith.com
twallace@selvinwraith.com

Attorneys for Plaintiff
Navigators Specialty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MARK BECKER CONSTRUCTION, INC., MARK BECKER, INC., STEPHEN BAUS, ELIZABETH BAUS, <br><br> Defendants. | CASE NO. C11-00116 <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, NAVIGATORS SPECIALTY INSURANCE COMPANY ("NSIC") complains against Defendants MARK BECKER CONSTRUCTION, INC. and MARK BECKER, INC. (collectively hereinafter referred to as "Becker"), and Defendants STEPHEN BAUS AND ELIZABETH BAUS (collectively hereinafter referred to as "Baus") as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Venue is proper pursuant to 28 U.S.C. §§ 1391(a)(1) and (a)(2) in that (1) defendants Baus reside in this District; (2) Becker transacts business and constructed property in this District; and (3) a substantial part of the events giving rise to the claim, including the delivery of the insurance policy at issue and the underlying litigation, occurred in this District.

## II. PARTIES

2. Plaintiff NSIC is a corporation licensed by the State of New York with its principal place of business in New York City, New York and doing business in California at all times relevant to this action.

3. Defendants Becker are and, at all times mentioned herein, were general building contractors and California residents, licensed to do business and doing business in California as Mark Becker Construction, Inc. and Mark Becker, Inc. with their principal place of business in Oakland, California.

4. Defendants Baus are the owners of real property, including a single-family residence, located in the County of Contra Costa, State of California, commonly known as 19 La Cintilla Drive, Orinda, California. Defendants Baus are sued as necessary parties because they have made claims against the policy and are potential judgment creditors. Accordingly, they are named as defendants to obtain a binding adjudication of NSIC's rights, duties and obligations arising out of the subject matter in dispute.

## III. FACTUAL ALLEGATIONS

5. This lawsuit arises out of a construction defect suit related to NSIC's Named Insured, Becker's construction of a new single-family residence located at 19 La Cintilla Drive, Orinda, California ("the Property"). Becker entered into a written contract for construction of the Property on May 29, 2003 and began construction in July 2003. The construction of the Property was completed in October 2004.

6. In August 2004, Defendants Baus entered into a Residential Purchase Agreement with Becker to purchase the Property for $2,500,000. The sale transaction was completed and recorded on October 18, 2004.

7. In early 2005, Defendants Baus advised Becker of various alleged defects, including issues with slate tile at the front door, water infiltration near the front door and ceiling of the media room, stucco problems at the entry stairs, the downspout at the chimney, slate tile issues at the rear patio steps, drainage problems near the front driveway, and run-off issues.

8. Defendants Baus filed a Complaint on May 1, 2009 and a First Amended Complaint

("FAC") on July 23, 2009 against Mark Becker Construction, Inc. and Mark Becker, Inc. for negligence, strict liability, breach of contract, and breach of implied warranty. The FAC alleges that Becker built and sold to Baus the Property that was defective and deficient in materials and workmanship resulting in property damage to the residence, including, "...property damage resulting from defective design and construction of the foundation system and related components, including but not limited to defective waterproofing of the foundation elements..." Defendants Baus seek damages in excess of $500,000, prejudgment interest and litigation costs, including attorneys' fees.

9. Becker tendered the *Baus* matter to NSIC, which agreed to defend Becker, subject to a complete reservation of rights, including the right to seek reimbursement and/or declaratory relief.

10. NSIC insured Becker under a Commercial General Liability Policy No. GS204210 (July 23, 2002 - July 23, 2003), Policy No. GS307759 (August 14, 2003 - August 14, 2004), and Policy No. GS411192 (August 14, 2004 - August 14, 2005). Under the terms of the policies, NSIC agreed to:

> **a.** . . . pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

11. The NSIC policy contains an endorsement entitled "Subsidence Exclusion", ANF 032 (1/99), which reads:

> This insurance does not apply to and the company shall have no duty to defend any claim or "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" arising from or related to "subsidence".
>
> "Subsidence" includes, but is not limited to, settling, expansion, thinking, slipping, falling away, caving in, shifting, eroding, rising, tilting, mudflow, or any other movement over land or earth including earthquake and landslide.

12. NSIC is informed, believes and thereon alleges that the Subsidence Exclusion, ANF 032 (1/99) excludes coverage under the policies because the claimed property damage arose out of earth movement or soil subsidence, as defined in the policy. Accordingly, there is no duty to defend or indemnify Becker under the Policies for the *Baus* claim.

## FIRST CAUSE OF ACTION
(Declaratory Relief – Duty to Defend)

13. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 12 of the preceding allegations, as though fully set forth in this cause of action.

14. An actual controversy has arisen and now exists between NSIC and defendants concerning the parties' respective rights and obligations under the NSIC policies. NSIC contends there is no duty to defend the *Baus* lawsuit under the NSIC policies because of the Subsidence Exclusion.

15. NSIC is informed, believes, and on that basis alleges, that defendants dispute these contentions, and instead contend that the Policies provide coverage for the *Baus* lawsuit.

16. A true conflict has arisen between NSIC and defendants, which requires this court to determine the extent of each party's obligation pursuant to the policies issued by NSIC to Becker. A multiplicity of actions will be avoided by the court determining said rights and obligations pursuant to the present action and this request for declaratory relief.

17. NSIC seeks a judicial declaration as set forth below.

## SECOND CAUSE OF ACTION
(Declaratory Relief – Duty to Indemnify)

18. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 12 of the preceding allegations, as though fully set forth in this cause of action.

19. An actual controversy has arisen and now exists between NSIC and defendants concerning the parties' respective rights and obligations under the NSIC policies. NSIC contends there is no coverage for the *Baus* lawsuit under the NSIC policies because of the Subsidence Exclusion.

20. NSIC is informed and believes, and on that basis alleges, that defendants dispute these contentions, and instead contend that the Policy provides coverage for the *Baus* lawsuit.

21. A true conflict has arisen between NSIC and defendants, which requires this court to determine the extent of each party's obligation pursuant to the policies issued by NSIC to Becker. A multiplicity of actions will be avoided by the court determining said rights and obligations pursuant to

the present action and this request for declaratory relief.

22. NSIC seeks a judicial declaration as set forth below.

### THIRD CAUSE OF ACTION
### (Reimbursement)

23. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 22 of the preceding allegations, as though fully set forth in this cause of action.

24. NSIC has been defending Becker against the *Baus* lawsuit under a full and complete reservation of rights, including the right to seek reimbursement to the extent that (a) the *Baus* lawsuit does not trigger a duty to defend or (b) there are uncovered claims. NSIC contends there is no coverage for the *Baus* lawsuit and it is entitled to reimbursement of all amounts expended in the defense of Becker.

25. NSIC prays for reimbursement against Becker for all attorney's fees, expert fees and costs expended in its defense in the *Baus* lawsuit, or in the alternative, if the Court were to find a duty to defend, to the extent those sums relate to uncovered claims.

### PRAYER

WHEREFORE, Plaintiff NSIC prays for judgment against Defendants as follows:

1. For a declaration that NSIC has no duty to defend Becker in the *Baus* Action;

2. For a declaration that NSIC has no duty to indemnify Becker in the *Baus* Action;

3. For reimbursement from Becker of all attorney's fees and costs, including expert's costs, incurred in defending Becker in the *Baus* Action;

4. For costs of suit; and

5. For such other and further relief as the court deems just and proper.

Dated: January 6, 2011                    SELVIN WRAITH HALMAN LLP

By: _____
Gary R. Selvin
Tatiana V. Wallace
Attorneys for Plaintiff
Navigators Specialty Insurance Company

85223.doc